### JAFFE v. OHLAN.

#### (Supreme Court, Appellate Term. January 17, 1906.)

COURTS — MUNICIPAL COURTS — JURISDICTION — QUESTION OF TITLE TO REAL ESTATE.

Plaintiff, having a contract to purchase land from D., assigned it to defendant; he, in consideration, agreeing in writing to pay plaintiff $100 on August 15th, or sooner, if title was taken sooner. The complaint in the Municipal Court alleged these facts, and plaintiff's demand on August 15th of $100, and its refusal by defendant. The answer admitted the agreement in writing, but alleged it was also agreed that plaintiff should not receive the $100 unless title was conveyed to defendant, and that D. failed to convey the title to defendant, though he was ready and willing to receive it, and that title to the premises would come in question, wherefore the court was without jurisdiction. *Held*, that whether or no a question of title, sufficient to oust jurisdiction, was raised by the answer, plaintiff having introduced in evidence merely the written assignment, proofs of delivery of the contract of sale, and demand and nonpayment, and defendant having offered to prove only that he had attended August 15th for the purpose of taking title, but that D. had failed to attend or tender a deed, and, not having included in his offer evidence which might tend to vary the written instrument, it was error to dismiss the action for want of jurisdiction; no question of title to real estate being before the court at the time.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Benjamin Jaffe against Charles H. Ohlan. From a judgment dismissing the action, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Moses Jaffe, for appellant.
Kiendl Bros., for respondent.

BLANCHARD, J.   This is an appeal from a judgment dismissing the complaint.   The plaintiff assigned to the defendant a contract for the sale of certain realty, which the plaintiff had entered into with one Doyle.   In consideration for said assignment, the defendant agreed in writing to pay the plaintiff "the sum of one hundred ($100) dollars on August 15th, at 10 a. m., or sooner, if title to said premises is taken sooner."

The complaint alleges these facts, and the demand on August 15, 1905, by the plaintiff of $100, and the refusal of the defendant to pay it.   The defendant's answer admits the instrument in writing, but alleges that it was also agreed that the plaintiff should not receive the hundred dollars unless title was conveyed to defendant.   It further alleges that Doyle has failed to convey the title to the defendant, although the defendant was ready and willing to receive it, and that the title to the premises will come in question, and therefore that the court is without jurisdiction.   Upon the trial the plaintiff introduced in evidence a written instrument, and proofs of delivery of the contract of sale, and demand, and the nonpayment, and rested.   The defendant then moved to dismiss the complaint on the ground that the plaintiff failed to show that he was ready to deliver a deed "at the time mentioned in the contract," and also on the ground that the court had no jurisdiction.   The defendant then offered to prove that he had attended on August 15th, according to the contract, for the purpose of taking title, but that Doyle had failed to attend, or to tender a deed to the defendan or to the party mentioned in the contract.   No evidence was introduced to substantiate this offer, although no objection was made thereto.   Upon a motion to dismiss, judgment was rendered dismissing the action for want of jurisdiction.

Without determining whether a question of title, sufficient to oust jurisdiction, was raised by the defendant's answer, it is apparent that no such question of title was before the court when the motion to dismiss was granted.   The plaintiff's case raised no such question, because the alleged default of the defendant occurred on and after August 15, 1905, and according to the written contract the title was material only in the possible event that it might have been taken before August 15, 1905.   The defendant's offer of proof, by failing to include evidence which might tend to vary the written instrument, failed to show the materiality of the title in the present case.   The learned court erred, therefore, in dismissing the complaint on the grounds stated.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

DOWLING, J., concurs.   SCOTT, P. J., concurs in result.